## ALBERT H. PARKER *vs.* SAMUEL A. PARKER & others.

A. died intestate, leaving his widow administratrix of his estate, and as his heirs four children and the minor children of a deceased child B. The widow, as widow and as administratrix, the four children, and the guardian of B.'s children, agreed in writing to refer to an arbitrator " to determine how said estate shall be settled " and " to divide the real estate belonging to said parties, including the setting off of dower," with authority " to divide so much of said estate as shall remain after setting off dower " into equal portions and allow the parties to bid for a choice, and to charge debts due from the estate " upon the several heirs respectively;" and agreed further to execute the award by such conveyances as the arbitrator should order, and that the decrees necessary to carry it into effect might be made in the probate court. The written award first set off the widow's dower, and settled on her an annuity in full of her claims against the estate. " As to the

remainder of said estate," it set off certain lands to B.'s children, " as and for one **fifth** part of the said real estate which would be remaining after payment of debts and charges," and " as and for their share of the real estate of the said A.," free of incumbrances, and with no charge on account of debts or charges against the estate; " and as to the remainder of said real estate, not set off as dower nor included in the part set off to B.'s children," it divided that into four shares, (not including any part of the dower lands, nor naming the reversion thereof,) provided for bids by A.'s four children for the choice of them, and the application of the money to be received from the bids, and then charged on these four shares equally the annuity and the balance of the liabilities of the estate. By an indenture, executed in pursuance of this award, by and between the widow, the four children, and the guardian of B.'s children " as he is guardian " of them, said parties, after reciting that the widow and heirs of A. had agreed to make partition among themselves " first assigning dower lands to said widow," released the same to her to hold for her life, " the reversion to be in the heirs at law of said A., their heirs, executors, administrators and assigns, who are parties hereto; " then described the five shares assigned to B.'s children and A.'s four children respectively, and released them severally to said assignees; and " covenanted and agreed that the partition hereinbefore set forth shall be deemed to be a full and complete division and partition of the lands herein described, by and among the parties hereto, except the reversionary interest of the heirs at law of the said A., who are parties hereto, in the dower lands of said widow, as is hereinbefore provided." *Held*, that the reversion of the dower lands on the death of the widow was not included in this partition; and that parol evidence was inadmissible to show that the arbitrator intended to include it in the award and did in fact include it in the estimate on which he set off the share to B.'s children.

PETITION filed in November 1868 by one of William Parker's children for partition of real estate set off in 1859 by way of dower to Hannah, said William's widow; submitted to the judgment of the superior court, and, on appeal, of this court, upon facts agreed, by which it appeared that William Parker died intestate in 1856, leaving his said widow, and, as his heirs, three sons, namely, Samuel A., Benjamin, and the petitioner; one daughter, Mary C.; and the minor children of a deceased son James, of whom George Pearson was guardian, and who with said Samuel A. were the respondents; that the widow was appointed administratrix of the estate, assumed the trust, and on September 1, 1858, as administratrix and as widow, entered into an agreement under seal, with the four surviving children and the guardian of the children of the deceased child, for the determination by arbitration of matters regarding the estate; that on November 30, 1858, the arbitrator made and published an award under this submission; that on January 13, 1859, the parties to the submission executed a partition deed, in which the real estate now in dispute was set off, as dower, to the

widow for her life, and provision was made for the payment to her of an annuity; that the widow died in 1868, before the filing of this petition; that the petitioner had a deed from Benjamin of said Benjamin's share in the reversion of the dower lands, and accordingly claimed one half thereof, namely, a fourth part by virtue of said deed, and a fourth part in his own right; and that said Samuel A. had a like deed from said Mary C. of her share in said reversion. It was agreed, subject to the respondents' objection to the competency of such evidence, "that, in making up the award, it was understood and acted upon by the arbitrator that one fifth part of the entire estate, including the dower lands, should be set off to the children of James Parker, and that they were to have no interest in the reversion of the dower lands, and that the arbitrator took this into consideration in awarding that the other parties only should be charged with the payment of the annuity to the widow." The other material facts are stated in the opinion. The judgment of the superior court was, that the petitioner was entitled to only two fifths of the reversion.

*S. B. Ives, Jr.*, ( *S. Lincoln, Jr.*, with him,) for the petitioner.

*T. B. Newhall*, for the respondents.

Wells, J. The premises, of which partition is sought, consist of the land set out to Hannah Parker, as her dower, from the estate of William Parker. The children of James Parker claim to be entitled to one fifth of the same, in right of their father. They are so entitled, unless complete partition, as to them, has already been made. The petitioner insists that, in the division of the estate by which the dower was set out and partition made among the heirs of William Parker, in the course of the settlement of his estate, the full share of James Parker, in all the real estate that descended, was assigned to his children.

Upon careful examination of all the papers in the case, we are satisfied that this position on the part of the petitioner cannot be maintained. The submission to arbitration is declared to be in consequence of " certain differences " in regard to the settlement of the estate; and " for the purpose of finally settling the whole of said matters." The parties agree " to refer the same,

and each and every particular relating thereto," to arbitration. The arbitrator is to have full power " to determine how said estate shall be settled, and to divide the real estate belonging to said parties, including the setting off of dower." It authorizes the referee " to divide so much of said estate as shall remain after setting off dower" into equal parts, and to allow the parties to bid for choice ; and to charge debts due from the estate " upon the several heirs respectively ; " and " generally to decide all questions arising in and upon the matters hereinbefore described and set forth." The parties agree to execute the award by such conveyances as the referee shall order, and consent that such decrees may be made in the probate court as may be necessary to carry it into effect.

The award, in the first place, sets out the dower, and orders payment of $100 a year to the widow in addition thereto, in full of her claims against the estate, including an interest in the share of a deceased daughter. It then proceeds : " And as to the remainder of said estate, inasmuch as the heirs and parties interested have desired that I should make equal division of the same upon the basis of charging the parties receiving the land with payment of the debts of the estate, I make and award the following distribution and division as and for an equal partition of said property." The arbitrator then proceeds, " having estimated the whole amount of debts " and costs of reference and expenses of administration, and assigns to the minor children of James Parker certain lands described, " as and for one fifth part of the said real estate which would be remaining after payment of debts and charges," and awards that they be assigned to them " as and for their share of the real estate of the said William Parker," free of incumbrances, and with no charge on account of any debts or charges against said estate. " And as to the remainder of said real estate, not set off as dower nor included in the part set out to the children of James Parker, understanding from the parties at the hearing that they desired a fair and equal division of the same and an apportionment of debts of the estate to be paid by them respectively, I award in relation thereto as follows, viz. : I have divided the remainder of the estate into four lots or shares, as follows."

As we understand the facts, no part of the dower lands is in-included in these four shares; nor is the reversionary interest named therein.

After providing for bids for choice, and the application of the money to be received from bids, the award proceeds to charge the balance of debts and expenses, and the annuity of $100 for the widow, upon these respective shares in equal proportions.

The award makes no provision for a division of the dower lands; and no assignment of the reversion, in terms, to the four adult heirs or to any of them. It contains no statement that they consented to hold that portion of their shares of the real estate " together and undivided."

The terms of the award seem to us to exclude the construction that it did in fact and effect dispose of the reversion, as is claimed by the petitioner. The circumstance of one fifth being first set off to the heirs of James Parker does not justify the inference that the reversion was intended to be included in the remaining four fifths. It was a division of " the remainder" after having set off the dower lands, just as the subsequent division between the four adult heirs was a division of " the remainder of the estate " into four shares. The fact that the reversion was not treated as a part of " the remainder" in this subsequent division, and that there is no award that it shall constitute a part of the four shares, undivided, is strongly significant that it was not regarded as a part of " the remainder," either in the subsequent division of the four shares, or in the preceding one by which the one fifth was set out to the heirs of James Parker. From the silence of the award in regard to the reversion, we think the presumption is that it was intended to be left unaffected thereby; and that the partition was of estates in which there was a present possessory right. Rev. Sts. *c.* 103, § 3.

The manner in which the debts, expenses, and annuity to the widow are charged upon the four shares, and the fifth released, affords no ground for inference that the reversion was intended to be assigned to the four. It is just as consistent with the supposition that the allowance for those debts and charges was

made in estimating the value of the estates in possession, "which would be remaining after payment" thereof, as the basis upon which the one fifth share of the minors was determined.

The parol evidence of what was understood, intended and acted on by the arbitrator, is not competent to show what his award does not show, to wit, that he intended to include the reversion in his award of division, and did include it in the estimate by which the share of James Parker was set out to his children. *Clark* v. *Burt,* 4 Cush. 396. It adds to and varies the effect, if it does not contradict the written award.

The deed, given in pursuance of the award, is still more decisive against the petitioner. It recites that the parties, widow and heirs of William Parker, have agreed to make partition among themselves, "first assigning dower lands to said widow;" that George Pearson acts as guardian for the minor children of James Parker, by virtue of the St. of 1852, *c.* 248, "and being also specially authorized by the judge of probate for said county of Essex to release the interest of his said wards in so much of said real estate as is not hereinafter assigned to them, by virtue of the provisions of the 307th chapter of the statutes of the year 1855." After describing the lands set out to the widow for her dower, the several parties, as heirs, release the same to her, to hold for the term of her natural life, "the reversion to be in the heirs at law of the said William Parker, their heirs, executors, administrators and assigns, who are parties hereto." The five shares set out to the respective heirs are then described and severally released to each. Then follows this clause: "And it is hereby expressly covenanted and agreed that the partition hereinbefore set forth shall be deemed to be a full and complete division and partition of the lands herein described, by and among the parties hereto, except the reversionary interest of the heirs at law of the said William Parker, who are parties hereto, in the dower lands of said widow, as is hereinbefore provided."

It is argued for the petitioner that the "heirs at law," "who are parties hereto," excludes the guardian as well as the widow and that therefore the indenture of partition is to be construed as reserving the reversion exclusively to the four adult heirs who

executed it. There are several answers to this argument. In the first place, it is not a reservation at all, in legal effect. It is not something which issues out of the thing granted. If it were a reservation strictly, it could only be made to vest in the grantors respectively, and would pass no title from one to another. As an exception from the grant, it would leave the title just where it was before. There being no words of grant or release applicable to the reversion, no partition expressly made, and no assignment of it by way of partition, we think that the declaration that it is excepted or reserved must be taken to mean that it remains unaffected by the partition. Such also appears to us to be the natural interpretation of the words " heirs at law who are parties hereto." The children of James Parker are parties to the indenture, through their guardian, who enters into the same ." as he is guardian " of said children, who are all named in the instrument; and the lands set out for their share are set out and released to them by name, and not to the guardian. We see no reason for the restricted sense which this argument seeks to put upon the term " who are parties hereto," and cannot adopt it as the proper interpretation of the instrument.

It is unnecessary to consider whether the guardian could properly make partition of the reversionary interest under the authority conferred by the St. of 1852, c. 248, or release that interest by virtue of the authority which he recites under St. 1855, c. 307; as we are of opinion that he has not made such partition or release.

The heirs of James Parker being entitled to one fifth of the real estate lately subject to the dower of Hannah Parker, it follows that the petitioner is entitled only to two fifths thereof, instead of one half, as he has claimed. The judgment of the superior court to that effect is accordingly        *Affirmed.*